Filed 3/6/25  P. v. Garza CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E084187 |
| v. | (Super.Ct.No. INF048107) |
| NOE GARZA, JR., | |
| Defendant and Appellant. | |
| _____ | |
| THE PEOPLE | |
| Plaintiff and Respondent, | E084190 |
| v. | (Super.Ct.No. INF051283) |
| NOE GARZA, JR., | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John J. Ryan, Judge.

(Retired judge of the Orange Super. Ct. assigned by the Chief Justice pursuant to art. VI,

§ 6 of the Cal. Const.)  Dismissed.

1

Noe Garza Jr., in pro. per.; Sheila OConnor, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Noe Garza, Jr., appeals from the trial court's grant of postconviction resentencing relief under Penal Code section[1] 1172.75. This court appointed counsel to represent defendant on appeal, and counsel subsequently filed a no-issue brief under *People v. Delgadillo* (2022) 14 Cal.5th 216, 232 (*Delgadillo*). Defendant has filed a supplemental brief. (*Ibid.*) As we explain *post*, the issues that defendant suggests for our review regarding potential application of excess custody credits towards a period of post-incarceration supervision, if any, and related calculations, are not ripe nor suitable for appellate review. We therefore dismiss the appeal, without prejudice to defendant raising these issues in the trial court, if necessary, as the trial court contemplated in its resentencing ruling. In an abundance of caution, as specified in our disposition *post*, we direct the trial court on remittitur to forward to the Department of Corrections and Rehabilitation (CDCR) a copy of the amended abstract of judgment the trial court issued in one of defendant's felony cases during the pendency of this appeal if the court has not already done so.

## BACKGROUND

In May 2007, a jury convicted defendant in case No. INF048107 of assault likely to cause great bodily injury (§ 245, subd. (a)(1)) and corporal injury inflicted on a spouse

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

(§ 273.5, subd. (a)) (hereafter, the DV case). He admitted a prior prison term enhancement. (§ 667.5, subd. (b).) At sentencing, held on March 11, 2008, the trial court imposed an aggregate prison term of 5 years, including one year for the prison prior. The court awarded defendant presentence custody credits totaling 1,737 days. Defendant had committed the offenses and was arrested on August 15, 2004; in the interim, before he was convicted and sentenced, he was released on bail for about six months.

While out on bail in the DV case, defendant committed several serious new offenses on June 22, 2005, including one count of shooting at an occupied vehicle (§ 246) and, based on the number of occupants, four counts of assault with a firearm (§ 245, subd. (a)(2)). Defendant was convicted of these offenses in case No. INF051283 (hereafter, the shooting case). Several enhancements were found true, including a firearm enhancement on each assault count (§ 12022.5, subd. (a)), a prior prison term enhancement (§ 667.5, subd. (b)), and a crime-bail-crime enhancement (§ 12022.1).

Sentencing in the shooting case took place in August 2009. The court imposed a total term of 25 years in prison for the new offenses, including a one-year term on the prison prior. The court did not award defendant presentence custody credits at sentencing in the shooting case. Instead, the court referred the credit issue to the "Probation Department for [a] CTS report." The court's minute order reflected that it expected it would award any credit due in a subsequent hearing, for which defendant or his attorney waived his presence in advance. The record on appeal does not include a "CTS report" or any similar calculation of credit due to defendant, if any, for time served. The record does not suggest presentence custody credit in the shooting case was considered or

3

awarded until almost 15 years later—when a different bench officer addressed the issue at a hearing in June 2024 regarding defendant's eligibility for resentencing under section 1172.75.

In advance of the section 1172.75 hearing, defendant submitted a supplemental brief in which he noted the 25-year term in the shooting case and the five-year term in the DV case, which he stated "were made concurrent by operation of Pen. Code [section] 669(b)." Defendant represented that, as such, "C[D]CR is currently treating the two sentences as concurrent time," and defendant requested that the "two matters . . . be consolidated for the purposes of resentencing." The prosecutor opposed defendant's consolidation request in a response memorandum, on grounds that it would "apparent[ly]" result in "dual credits he's not entitled to."

The court granted defendant recall and resentencing relief under section 1172.75, striking the one-year prison prior term in both the DV case and the shooting case. The court also granted defendant additional relief in the latter case, reducing defendant's sentence from the original term of 25 years to 18 years.

Specifically, the court explained at the hearing that, with the prior prison enhancement "now stricken," the term "on the DV case is four years" instead of the five years originally imposed. As to the shooting case, the court noted it "was trying to match the DA's offer of 18 years" that defense counsel indicated had been discussed by the parties, which the prosecutor did not dispute. Matching that figure, the court reduced defendant's original 25-year sentence by seven years by: (1) paring four years total on the four consecutive assault counts (with defendant's sentence for shooting into a vehicle

4

remaining stayed under section 654); (2) eliminating the one-year prison prior term enhancement; and (3) striking the crime-bail-crime two-year enhancement.

In reducing defendant's sentence, the court lauded defendant's postconviction rehabilitation. The court explained in particular that it struck the bail offense enhancement "because of your exceptionally great record at prison." The court noted that "[g]etting a GED was a start" that defendant built on with "the programs you completed," highlighting also the "obvious remorse" defendant expressed to his shooting victims in an apology letter. The court recognized further: "Your threat assessment the prison gave you was excellent [and you] completed the anger management workshop." The court also congratulated defendant on being "hired in [the prison] health care facilities, [engaging in his] improvement plan program in prison," and the raise "you just got," all of which stood out to the court as "awfully good and positive."

Neither the court nor the parties at the hearing expressly addressed the question of case consolidation or whether to treat defendant's sentences in the DV case and the shooting case as concurrent with or consecutive to each other. The court's minute order, however, specified that the court deemed the sentences concurrent.

Addressing presentence custody credits for, apparently, the first time in the shooting case, the court in its oral ruling awarded defendant 2,431 days in total credits, comprised of 1,515 actual days served and 756 days in conduct credits. The court calculated the figure based on the date defendant was arrested for the shooting, on June 22, 2005, to his sentencing on August 14, 2009, in the shooting case for those offenses.

Neither the court's minute order nor its amended abstract of judgment following the hearing reflected this award of presentence custody credit. The court's minute order did state that, from defendant's sentencing on August 14, 2009, to the date of the minute order, June 28, 2024, defendant had served "5432 actual days."[2]

At the hearing, the court observed regarding the 2,431 days in presentence custody it awarded, when added together with more than 5,000 actual days in custody since defendant's sentencing: "That exceeds 20 years at 365 days *not counting the credits that prison awards you*." (Italics added.) The court expected that CDCR-calculated conduct and/or programming credits would be at a rate of "at least 50 percent, maybe. Probably a little higher."

Given that the court had just reduced defendant's sentence from 25 years to 18 years, and that defendant earned more than 20 years of presentence and actual custody credit under any calculation, the court commented, "So I think your time is for the— maybe your parole was eaten up or your whatever the release [period of supervision] is. It may or may not be. *I'm not prepared to answer that*." (Italics added.)

---

[2] At the hearing, the court's oral remarks indicate it calculated defendant served "5056 actual days" as of the hearing date. Appellate counsel in her *Delgadillo* brief states that the court's calculation in its written minute order of 5,432 actual custody days since defendant's original sentencing is mathematically correct, not the court's oral calculation. As we explain *post*, the exact figure is immaterial for present purposes on appeal, given that the trial court at the hearing expressly contemplated further proceedings for CDCR to calculate local programming and conduct credit. More importantly, when the actual days of custody—whether calculated at 5,432 days or 5,056 days—are added to defendant's presentence custody credit of 2,431 days, defendant is well past due for release from custody—if he has not been released already. The application of any excess credits remains to be determined, as the court recognized at the hearing.

6

The court entered separate minute orders in the DV case and the shooting case stating its findings as set out *supra*, and defendant appealed. We consolidated the appeals and appointed appellate defense counsel as noted.

During the pendency of the appeal, the trial court corrected its minutes, upon notice from appellate defense counsel, to reflect the court's oral ruling in the shooting case awarding defendant 2,431 days in presentence custody credits. (See § 1237.1 ["The trial court retains jurisdiction after a notice of appeal has been filed to correct any error in the calculation of presentence custody credits upon the defendant's request for correction"].) The trial court also amended the abstract of judgment accordingly to reflect the credits. Defendant's attorney also requested that the trial court forward a copy of the amended abstract of judgment to CDCR. We augmented the record on appeal to include the corrected minutes and amended abstract of judgment upon receiving them from the clerk of the superior court. (Cal. Rules of Court, rule 8.340(a)(1).)

## DISCUSSION

After her review of the record and in consultation with Appellate Defenders, Inc., appellate counsel determined there were no issues of arguable trial court error to contest on appeal. (See *People v. Johnson* (1981) 123 Cal.App.3d 106, 109 [threshold for "an arguable issue" requires "a reasonable potential for success" on appeal].) Counsel therefore filed her *Delgadillo* brief. Defendant then filed a supplemental brief in which he requests our "Independent Review of Sentencing Credit Error." We decline defendant's invitation because the issues on which he seeks a ruling from this court are moot or otherwise neither ripe nor suitable for determination on appeal.

7

Defendant summarizes his brief as a "Request for Correction." He identifies as his "primary concern" on appeal "presentence custody credits . . . not accurately reflected" in the abstract of judgment following his June 2024 resentencing. This issue has been mooted by the trial court issuing a new abstract with the omitted credits, as defendant's appellate counsel requested.

Defendant's further requests are also inapt for our review. He asks, "[t]o ensure the proper administration of justice, . . . that the [appellate] court: [¶] 1. Issue a ruling on the concurrent sentencing issue to properly consolidate my cases under Penal Code sections 669 and 1170.1. [¶] 2. Apply the time already served correctly in accordance with Penal Code section 2900.5 and *In re Ballard* to ensure that my excess time served is accounted for appropriately. [¶] 3. Augment the appellate record with the corrected abstract of judgment and forward it to CDCR to update my records." (Boldface omitted.)

The first issue does not present a claim of error. To the extent they may have overlapped, defendant's sentences in the DV case and the shooting case were concurrent by operation of law. The trial court's minute order after resentencing indicated as much. (See § 669, subd. (b) [sentences concurrent if the sentencing court in a defendant's "second or other subsequent judgment" does not specify they are consecutive within 60 days of imprisonment on latter sentence].) Defendant's reference to section 1170.1 is misplaced, as it concerns consecutive sentences. Defendant suggests that "failure to consolidate these cases has resulted in further miscalculations of my time served." But he does not say how. In any event, applicable credit for excess time defendant may have served, whether as a result of defendant serving concurrent sentences or otherwise,

8

remains to be calculated, as the trial court recognized. The second issue defendant raises illustrates this.

Defendant's request for a ruling calculating excess credits, if any, under section 2900.5 and related authority is premature. As the trial court explained, it still remained—at the time of defendant's resentencing hearing—for CDCR to calculate defendant's postconviction, in-custody conduct and/or programming credits. Hence, the court could not determine at that time what defendant's period of post-release supervision, if any, would be after application of those credits, if any. The court commented that defendant's period of supervision, if any after release, might be "eaten up" by credit for excess time served, but the court could not, absent CDCR's calculation of credits, "answer that." This remains true, as nothing in the record indicates what supervision, if any, defendant must be under upon release, or for how long—whether calculated with or without any applicable credit for excess time served.

It is possible that any post-release supervision period ordinarily applicable to defendant may have been satisfied by excess presentence and actual custody credits alone—without consideration of CDCR in-custody conduct credits. But this only presents a hypothetical possibility. Moreover, it is not our role on appeal to make in the first instance the calculations defendant requests. (See *People v. Chadd* (1981) 28 Cal.3d 739, 746 [appellate court does "not . . . adjudicate hypothetical claims or render purely advisory opinions"].) We expect, as did the trial court, that CDCR will calculate—or more likely has already calculated and applied—defendant's release date based on all applicable credits. If defendant is slated for or already under any post-release continuing

9

supervision and believes that period is reduced or extinguished by applicable credits, including CDCR conduct credits, he may request a ruling to that effect.  The trial court contemplated as much in stating it could not make a ruling regarding excess credits on the record presented at that time ("I'm not prepared to answer that").  But the court's response left open the possibility to revisit the question, if necessary, including if CDCR, the probation department, or other supervising authority makes a calculation that defendant believes is erroneous.  Defendant's claim is premature on the record presented.

Defendant's third request—for a new, amended abstract of judgment—is similarly premature and unfounded to the extent he seeks a new abstract based on his requested appellate calculations.  No such new abstract is necessary given we have declined defendant's requested "corrections" as moot, unripe, or unsuitable for determination on appeal.

While we deny defendant's request for a new abstract of judgment, in an abundance of caution we direct the trial court to forward to CDCR a copy of its amended abstract of judgment dated October 14, 2024, reflecting defendant's 2,431 days of presentence custody credit in 051823.  This figure is crucial, in conjunction with defendant's credit for actual days in custody and other conduct credit, to correctly calculate defendant's release date—and from there, as applicable, any credit for excess time served towards continuing supervision, if any.  Presumably, the trial court already forwarded the abstract to CDCR upon amending it, as defendant's counsel requested.  Hence, defendant may have already been released from prison custody.  In any event, our disposition here is without prejudice to defendant raising with the probation department

or other supervisory authority, if applicable, and then the trial court, any claim defendant may have for excess custody credits.

## DISPOSITION

The appeal is dismissed.  On remittitur, the trial court is directed to forward a copy of the amended abstract of judgment in case No. INF051823, dated October 14, 2024, to the Department of Corrections and Rehabilitation forthwith, if it has not already done so.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER _____
J.

We concur:

RAMIREZ _____
P. J.

FIELDS _____
J.

11